UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWANA D. PARKER,

        Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

No. 2:13-CV-12796
HON. GEORGE CARAM STEEH

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (DOC. 20) AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 15)

Plaintiff Dwana Dionne Parker challenges the Commissioner of Social Security's ("Commissioner") final denial of her benefits application. Cross motions for summary judgment are pending (Docs. 15, 20). For the reasons stated below, Plaintiff's motion for summary judgment shall be denied, Defendant's motion for summary judgment shall be granted, and the Commissioner's findings shall be affirmed.

I.  **Framework for Disability Determinations**

Pursuant to the Social Security Act, only those who have a disability may claim Disability Insurance Benefits and Supplemental Security Income. Disability, as defined by the Social Security Act, is the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §

416.905(a).

The Commissioner's regulations provide a five-step sequential analysis to determine disability:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. The claimant has the burden of proof for steps one through four; at the fifth step, the burden shifts to the Commissioner. *Preslar v. Sec'y of HHS*, 14 F.3d 1107, 1110 (6th Cir. 1994).

II.     **Background**

Plaintiff was born on January 18, 1972. Tr. 40. She alleges she became disabled in August 2010 at the age of thirty-eight, Tr. 28, due to the following conditions: back pain, carpal tunnel syndrome ("CTS"), and mental health impairments. Doc. 15 at 2.

III.    **Procedural History**

On June 3, 2011, Plaintiff protectively filed a Title II application for a period of

disability and Disability Insurance Benefits as well as a Title XVI application for Supplemental Security Income. In both applications, Plaintiff stated her disability began on August 1, 2010. Her claims were denied on September 20, 2011. Plaintiff then filed a written request for a hearing on October 11, 2011 pursuant to 20 C.F.R. §§ 404.929 and 416.1429. A hearing was held on June 14, 2012 and the Administrative Law Judge ("ALJ") issued a decision on June 29, 2012 finding that Plaintiff "has not been under a disability within the meaning of the Social Security Act from August 1, 2010 through the date of [his] decision." Tr. 19. The Appeals Council denied review on April 22, 2013.

## IV. Standard of Review

If an individual is not satisfied with the final decision of the Commissioner of Social Security following a hearing, she may obtain review of that decision by filing an action in federal district court. 42 U.S.C. § 405(g). This judicial review is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted). The Court may affirm, modify, or reverse the Commissioner's decision, and may also choose to remand the case for rehearing where appropriate. 42 U.S.C. § 405(g).

The Commissioner's findings of fact are given substantial deference on review, *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994), and are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d

234, 241 (6th Cir. 2007). If there is substantial evidence to support the Commissioner's decision, the district court must affirm it even if substantial evidence also supports the contrary conclusion. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). *See also Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994) (explaining that if the decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion").

In reviewing whether there is substantial evidence to support the ALJ's factual findings, the district court is limited to an examination on the record and should consider the record as a whole. *Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of HHS*, 974 F.2d 680, 683 (6th Cir. 1992). However, neither the ALJ nor the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). This Court also does not "resolve conflicts in evidence, or decide questions of credibility," *Bass*, 499 F.3d at 509, but defers to the ALJ on such matters. *Rogers*, 486 F.3d at 247.

**V.    Plaintiff's Claims of Error**

Plaintiff sought review of the ALJ's decision, and both parties filed summary judgment motions. Plaintiff objects that the ALJ "erred in rendering a decision that was not supported by substantial evidence and contains errors of law," and that the Appeals Council "erred in declining review of an adverse decision that was not supported by substantial evidence and contains such errors of law." Doc. 1 at 3. Specifically, she alleges that the ALJ (1) "erroneously found work at Step Five" and (2) "failed to properly evaluate Plaintiff's obesity." Doc. 15 at 3-4.

-4-

## VI.     ALJ Findings at Step Five

The Social Security Act outlines a five-step process that the Social Security Administration must use to determine whether or not an applicant is disabled. 20 C.F.R. §§ 404.1520(a) and 416.920(a). Plaintiff here first alleges error by the ALJ at the fifth and final step. At Step Five, the ALJ must determine whether the applicant is capable of any work. In doing so, he should consider her residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If she is capable of other work, she is not disabled; if she is not capable of other work (and she meets the duration requirement), she is disabled.

The ALJ made the following determination at Step Five regarding Plaintiff's ability to work:

> . . . [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) except she is able to lift 5 pounds maximally; requires a sit/stand option at will; should never use ladders, scaffolds, or ropes; should avoid walking on uneven surfaces; no reaching to do over the head work with the upper extremities; frequently but not constantly hand or finger feel with the upper extremities; avoid all concentrated exposure to hazards including dangerous and unprotected machinery or heights; occasionally bend, twist, or turn; requires simple, unskilled work with a SVP rating of 1 or 2; work that involves only occasional personal interaction, contact, or discussion with coworkers; work requiring only occasional contact with the general public; jobs that do not require team work; and routine work that does not require changes or adaptations in work settings or duties more than once per month.

Tr. 23. Based on this assessment, the ALJ found that Plaintiff could perform a significant number of jobs in the national market as a reception clerk, sorter, and packer. Tr. 28-29.

## VII.    Analysis

Plaintiff first objects to the accuracy of the ALJ's RFC assessment pursuant to 20

C.F.R. §§ 404.1520(e) and 416.920(e). A claimant's RFC is "her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments." Tr. 20. To determine the RFC, the ALJ must consider all of the claimant's impairments, including any that are not severe. 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), and 416.945; SSR 96-8p.

Plaintiff asserts that the ALJ's RFC finding is inadequate because it fails to properly consider her bilateral hand limitations, chronic pain symptoms, and limited mobility. Doc. 15 at 5. Plaintiff further asserts that this inadequacy contributes to an erroneous Step Five determination which lacks support by substantial evidence. *Id.* The Court disagrees, and finds that Plaintiff does not adequately demonstrate that the ALJ's decision was not supported by substantial evidence. The Court is satisfied that the ALJ sufficiently considered Plaintiff's impairments in making this determination, and that substantial evidence exists to support it.

In regards to Plaintiff's bilateral hand limitations, she has not demonstrated that her CTS places greater limitations on her than the ALJ identified, and has not shown that his determination lacks a basis in substantial evidence. Dr. Bina Shaw noted in an August 2011 exam that Plaintiff exhibited a full range of motion in the wrists. Tr. 247. Notes from Plaintiff's visit to Dr. Ellison demonstrate that pain medication improves her hand condition, and Dr. Ellison and Dr. Shaw both identified her CTS as stable on separate occasions. Tr. 224-239, 247, 253-262. As the ALJ notes in his decision, "it is unlikely that disabling CTS would be described as stable," and unlikely it would go without any treatment other than medication. Tr. 25. The ALJ acknowledged Plaintiff's weight restrictions in determining her ability to work. Tr. 23. In fact, he limited her to a

-6-

maximum of five pounds, which is even more restrictive than Dr. Shaw's limitation of ten pounds. Tr. 247. Given the ALJ's RFC finding is more restrictive in some respects than the doctors' opinions, given Plaintiff has not sufficiently demonstrated why her condition would require greater limitations than the ALJ identified, and given the ALJ based his findings in substantial evidence in the form of several doctors' testimonies, this Court finds that the ALJ sufficiently considered Plaintiff's CTS in making his RFC determination and reasonably concluded that her condition is not disabling.

In regards to Plaintiff's chronic pain, the ALJ noted Plaintiff's degenerative disc disease and chronic pain syndrome as severe impairments. Tr. 21. He accommodated these conditions in his RFC assessment by limiting Plaintiff to sedentary work with a sit/stand option, Tr. 23, despite Dr. Shaw's assessment that Plaintiff can "sit, stand, [and] walk . . . " Tr. 247. The ALJ also noted that Plaintiff's CT scan only indicated mild abnormalities, which do not support a disabling spinal condition. Tr. 26. He additionally cites her treatment history, the fact that she did not complain of pain at multiple appointments, and the fact that she reported that her medication helped manage the pain as evidence that her condition is not disabling. Tr. 26. Again, Plaintiff does not provide evidence to demonstrate that her pain limits her beyond the ALJ's assessment. In fact, the ALJ's assessment is more restrictive than Dr. Shaw's. Accordingly, there is substantial evidence to support the ALJ's findings that the record is inconsistent with the level of severity she claims, and he sufficiently considered her pain in making that determination.

Finally, in regards to Plaintiff's limited mobility, the ALJ cites a lack of convincing evidence establishing such limitations. Dr. Shaw's notes reflect a full range of motion in

the cervical spine as well as upper and lower extremities. Tr. 246. The ALJ also noted Dr. Shaw's August 31, 2011 statement that Plaintiff "can work eight hours a day" and can "sit, stand, walk, bend minimally, and lift at least 10 pounds of weight without difficulty." Tr. 247. He likewise notes Dr. Hayter's opinion that Plaintiff is capable of performing simple work. Tr. 243. Despite these opinions, he still limited her to a reduced range of sedentary work. Again, Plaintiff has not demonstrated that her mobility is impaired to such a degree of severity as to require accommodation beyond what the ALJ prescribed. The ALJ sufficiently considered any limitations in Plaintiff's mobility in conducting her RFC assessment.

The ALJ did not err in his Step Five analysis, and substantial evidence exists to support his determination that Plaintiff is not precluded from doing all work. Despite finding that Plaintiff's testimony was not credible—a determination to which this Court must defer—he nevertheless considered her complaints and limited her to a range of sedentary work. Tr. 26. The ALJ claims, and this Court agrees, that "the limitations . . . more than account for the claimant's severe impairments and her complaints of pain." Tr. 26. Because substantial evidence exists to support the ALJ's decision, this Court must affirm it, even if substantial evidence also exists to support the contrary position. *Bass*, 499 F.3d at 509; *Wright,* 321 F.3d at 614. Thus, the Court rejects Plaintiff's claim that the ALJ erroneously found work at Step Five.

Plaintiff's second basis for requesting review is that the ALJ failed to properly evaluate Plaintiff's obesity. Doc. 15 at 3-4. Plaintiff, however, failed to present any evidence or explanation as to how this should have impacted the ALJ's determination. Additionally, at 5'7" and 153 pounds, Plaintiff falls within a normal weight range, and has

not introduced any evidence to attempt to demonstrate otherwise. Tr. 178. Thus, the Court dismisses Plaintiff's claim that the ALJ failed to properly consider her obesity.

**VIII.   Conclusion**

Because substantial evidence supports the ALJ's decision, the ALJ's findings are **AFFIRMED**, Defendant's motion for summary judgment is **GRANTED** (Doc. 20), and Plaintiff's motion for summary judgment is **DENIED** (Doc. 15). Plaintiff's claims are **DISMISSED** in their entirety.

**IT IS SO ORDERED**.

Dated:  June 16, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 16, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---